IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1993 SESSION

FILED

September 5, 1996

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE, )
)
        Appellee, )     No. 01C01-9304-CR-1282
)
)     Davidson County
v. )
)     Hon. Walter C. Kurtz, Judge
)
ALFRED B. ROLLINS, et al., )    (Contempt)
)
        Defendants, )
)
In re: JOHN HERBISON, )
)
        Appellant. )

## CONCURRING OPINION

I concur in the result reached in the majority opinion.  I write separately, though, to express my strong belief that the appellant's conduct in this case is free of any blame, given the context of the question in issue.  In this respect, whether I or anyone else would have found a more circumspect way to prove the point or make a record is largely irrelevant.  Likewise, whether all the evidence -- viewed in hindsight -- actually proved the points sought to be proved relative to the appellant's question is largely irrelevant.

The defense in the underlying case contended that the gambling promotion charges against the defendants should be dismissed because of an unconstitutionally vindictive or selective prosecution.  The trial court held a pretrial, nonjury hearing relative to various motions, including the one for dismissal.  In support of the defense claims, defendant Rollins was called to testify and was asked by his own attorney about what he called the female police officer in his discussion to then-Mayor

Boner. As the majority opinion notes, he did not answer directly, but stated that it was vulgar and was a lesbian reference. It was only then that the appellant verified the exact words used by Rollins in his opprobrious appellation.

Significant to our inquiry is that neither objection nor question was raised regarding the legitimacy or relevancy of this line of inquiry when Rollins' counsel asked his questions regarding the same subject matter. Moreover, given the inference sought by defense counsel, that is, members of the police force would have reason to have animosity toward Rollins and his associates, it certainly should be of interest to the trial court and any reviewing court as to what was actually said. This is because some name-calling may be more offensive to the recipient than others; ironically, a point seemingly made by the trial court's reaction in this case.

In any event, the record plainly shows that the appellant's question, containing the words of the witness that the appellant sought to prove, was asked in good faith as one relevant to the issues under inquiry. The fact that the language was vulgar and coarse is of no consequence when it is contained in the statement of a witness that is relevant to an issue at trial. I see neither misbehavior, ill motive, nor improper willfulness in the appellant's conduct. Rather, I see, as the appellant stated, an attempt "to have a full picture of what, in fact, went on." In this vein, when the facts happen to be vulgar, the trial court should not question zealous counsel's good faith attempt to insure that the real facts are placed into the record.

_____
Joseph M. Tipton, Judge

2